ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

Rachel D. Martinez (FL Bar No. 1049812)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-5589
Fax: (202) 514-8865
Rachel.Martinez@usdoj.gov

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LEE M. ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, <br><br> Defendant. | Case No. 4:26-cv-03118-HSG <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (DKT. NO. 1)** |

Defendant Lee M. Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") responds to the numbered allegations of the Complaint (Dkt. No. 1) filed by Plaintiffs Alliance of Nurses for Healthy Environments, et al. as follows:

**INTRODUCTION**

1.    The allegations set forth in Paragraph 1 constitute Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, the EPA denies the allegations.

2.    The allegations set forth in Paragraph 2 constitute Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, the EPA denies the allegations.

3.    The first sentence of Paragraph 3 does not define broad and/or ambiguous terms, including "unhealthy concentrations"; without more specific information, EPA lacks the necessary information or knowledge to form a belief as to the allegations in the first sentence of Paragraph 3 and therefore denies those allegations.  EPA admits that exposure to dangerous levels of PM2.5 pollution can cause cardiovascular disease, respiratory disease, cancer, and premature death.  Except as expressly admitted, EPA denies the allegations in Paragraph 3.

4.    The allegations set forth in Paragraph 4 characterize the Clean Air Act, which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 4 to the extent that they are inconsistent with or otherwise not contained in the plain language of the Clean Air Act.

5.    The allegations set forth in the first sentence of Paragraph 5 characterize and quote a final rule Plaintiffs name "the 2024 standard," which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in the first sentence of Paragraph 5 to the extent that they are inconsistent with or otherwise not contained in the plain language of the 2024 standard.  The allegations set forth in the second sentence of Paragraph 5 constitute conclusions of law, to which no response is required.  To the extent a response is required, EPA denies the allegations set forth in Paragraph 5.

6.    The allegations set forth in Paragraph 6 constitute Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, the EPA denies the allegations.

## JURISDICTION AND VENUE

7.    The allegations set forth in Paragraph 7 constitute conclusions of law, to which no response is required.  To the extent a response is required, EPA denies the allegations set forth in Paragraph 7.

8.    EPA admits that it obtained a certified letter post-dated February 10, 2026, from the Plaintiffs. The remaining allegations in the first sentence of Paragraph 8 constitute conclusions of law, to which no response is required.  To the extent a response is required and except as expressly admitted, EPA denies the allegations set forth in the first sentence of Paragraph 8.  EPA admits that 60 days had passed between February 10, 2026, and the Complaint's filing date of April 13, 2026.  The remaining allegations in the second sentence of Paragraph 8 constitute Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required and except as expressly admitted, the EPA denies the allegations in the second sentence of Paragraph 8.

9.    The allegations set forth in Paragraph 9 constitute conclusions of law, to which no response is required.  To the extent a response is required, EPA denies the allegations set forth in Paragraph 9.

10.    The allegations set forth in Paragraph 10 constitute conclusions of law, to which no response is required.  To the extent a response is required, EPA denies the allegations set forth in Paragraph 10.

## PARTIES

11.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 and therefore denies the allegations.

12.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 and therefore denies the allegations.

13. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 and therefore denies the allegations.

14. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and therefore denies the allegations.

15. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and therefore denies the allegations.

16. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and therefore denies the allegations.

17. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and therefore denies the allegations.

18. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and therefore denies the allegations.

19. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 and therefore denies the allegations.

20. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore denies the allegations.

21. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore denies the allegations.

22. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore denies the allegations.

23. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore denies the allegations.

24. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore denies the allegations.

25. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 and therefore denies the allegations.

26. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and therefore denies the allegations.

27.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and therefore denies the allegations.

28.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and therefore denies the allegations.

29.    EPA admits that Lee M. Zeldin is the Administrator of the United States Environmental Protection Agency.  The second sentence of Paragraph 29 does not define broad and/or ambiguous terms, including "required regulatory actions" and "schedules"; without more specific information, EPA lacks the necessary information or knowledge to form a belief as to the allegations in the second sentence of Paragraph 29 and therefore denies those allegations. The allegations set forth in the third sentence of Paragraph 29 constitute Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required and except as expressly admitted, EPA denies the allegations set forth in Paragraph 29.

**STATUTORY AND REGULATORY BACKGROUND**

30.    The allegations set forth in Paragraph 30 characterize and quote 42 U.S.C. § 7401(a)(2), (b)(1), and (c), which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 30 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7401(a)(2), (b)(1), and (c).

31.    The allegations set forth in Paragraph 31 characterize and quote 42 U.S.C. §§ 7408-7409 and 40 C.F.R. §§ 50.7, 50.13, 50.18, and 50.20, which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 31 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7408-7409 and 40 C.F.R. §§ 50.7, 50.13, 50.18, and 50.20.

32.    The allegations set forth in Paragraph 32 characterize and quote 42 U.S.C. § 7409(b)(1) and (d)(1), which speak for themselves and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 32 to

4

the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7409(b)(1) and (d)(1).

33.    The allegations set forth in Paragraph 33 characterize and quote 42 U.S.C. §§ 7407(d)(1)(A), (d)(1)(A)(i), (d)(1)(A)(ii), (d)(1)(A)(iii), 7409(d)(1), and 7471, which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 33 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7407(d)(1)(A), (d)(1)(A)(i), (d)(1)(A)(ii), (d)(1)(A)(iii), 7409(d)(1), and 7471.

34.    The allegations set forth in Paragraph 34 characterize and quote 42 U.S.C. §§ 7407(d)(1)(B)(i), (d)(1)(B)(ii), (d)(2)(A), 7601(d)(1), 7602(d), which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 34 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7407(d)(1)(B)(i), (d)(1)(B)(ii), (d)(2)(A), 7601(d)(1), 7602(d).

35.    The allegations set forth in Paragraph 35 characterize and quote 42 U.S.C. § 7407(d)(1)(B)(i), which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 35 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7407(d)(1)(B)(i).

36.    The allegations set forth in Paragraph 36 characterize 42 U.S.C. § 7407(d)(1)(B)(ii), which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 36 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7407(d)(1)(B)(ii).

37.    The allegations set forth in Paragraph 37 characterize and quote 42 U.S.C. §§ 7410(a), (a)(2)(I), (c), 7502, 7503, 7513(c), 7513a, and 40 C.F.R. pt.51, Subpart Z, which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 37 to the extent that they are

inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7410(a), (a)(2)(I), (c), 7502, 7503, 7513(c), 7513a, and 40 C.F.R. pt.51, Subpart Z.

38. The allegations set forth in Paragraph 38 characterize 42 U.S.C. §§ 7502(b), (c), and 7503, which speak for themselves and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 38 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. §§ 7502(b), (c), and 7503.

39. The allegations set forth in Paragraph 39 characterize 42 U.S.C. § 7604(a)(2), which speak for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 39 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

40. The allegations set forth in Paragraph 40 characterize "Memorandum from Joseph Goffman, Assistant Administrator, EPA, at 1 (Feb. 7, 2024)" and 89 Fed. Reg. 16202 (Mar. 6, 2024), which speak for themselves and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 40 to the extent that they are inconsistent with or otherwise not contained in the plain language of "Memorandum from Joseph Goffman, Assistant Administrator, EPA, at 1 (Feb. 7, 2024)" and 89 Fed. Reg. 16202 (Mar. 6, 2024).

41. The allegations set forth in Paragraph 41 characterize and quote 89 Fed. Reg. 16202 (Mar. 6, 2024), which speaks for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 41 to the extent that they are inconsistent with or otherwise not contained in the plain language of 89 Fed. Reg. 16202 (Mar. 6, 2024).

42. The allegations set forth in Paragraph 42 characterize and quote 89 Fed. Reg. 16202 (Mar. 6, 2024), which speaks for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 42 to the

extent that they are inconsistent with or otherwise not contained in the plain language of 89 Fed. Reg. 16202 (Mar. 6, 2024).

43. The allegations set forth in Paragraph 43 characterize and quote 89 Fed. Reg. 16202 (Mar. 6, 2024), which speaks for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 43 to the extent that they are inconsistent with or otherwise not contained in the plain language of 89 Fed. Reg. 16202 (Mar. 6, 2024).

44. The allegations set forth in Paragraph 44 characterize and quote EPA, *Final Rule to Strengthen the National Air Quality Health Standard for Particulate Matter, Fact Sheet* (Feb. 7, 2024), which speaks for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 44 to the extent that they are inconsistent with or otherwise not contained in the plain language of *Final Rule to Strengthen the National Air Quality Health Standard for Particulate Matter, Fact Sheet* (Feb. 7, 2024).

45. The allegations set forth in Paragraph 45 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in Paragraph 45.

46. The allegations set forth in Paragraph 46 characterize Earthjustice, *Assessing 2024 PM2.5 Standard Implementation So Far: Who's on Track to Get Clean Air and Who's Left Behind* (Nov. 2025), https://earthjustice.org/wp-content/uploads/2025/12/ej_pm2.5-whitepaper_final_v5.pdf, which speaks for itself and is the best evidence of its content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 46 to the extent that they are inconsistent with or otherwise not contained in the plain language of Earthjustice, *Assessing 2024 PM2.5 Standard Implementation So Far: Who's on Track to Get Clean Air and Who's Left Behind* (Nov. 2025), https://earthjustice.org/wp-content/uploads/2025/12/ej_pm2.5-whitepaper_final_v5.pdf.

47. The allegations set forth in Paragraph 47 characterize EPA, *Particle Pollution Designations Memorandum and Data for the 2024 Revised Annual PM2.5 NAAQS* (last updated Feb. 4, 2026), https://www.epa.gov/particle-pollution-designations/particle-pollution-

designations-memorandum-and-data-2024-revised#B, which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 47 to the extent that they are inconsistent with or otherwise not contained in the plain language of *Particle Pollution Designations Memorandum and Data for the 2024 Revised Annual PM2.5 NAAQS* (last updated Feb. 4, 2026), https://www.epa.gov/particle-pollution-designations/particle-pollution-designations-memorandum-and-data-2024-revised#B.

48.    EPA admits that, as of February 7, 2026, the Administrator had not promulgated area designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202 (Mar. 6, 2024).  The remaining allegations set forth in Paragraph 48 constitute conclusions of law, to which no response is required.  To the extent a response is required and except as expressly admitted, EPA denies the allegations set forth in Paragraph 48.

49.    EPA admits that, as of April 13, 2026, the Administrator had not promulgated area designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202 (Mar. 6, 2024).  EPA admits that, as of April 13, 2026, the Administrator had not notified any state or Tribe that the Administrator intends to modify any of the state or Tribe's initial designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202 (Mar. 6, 2024).  EPA admits that, as of April 13, 2026, the Administrator had not extended its deadline to promulgate area designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202 (Mar. 6, 2024).  The remaining allegations in Paragraph 49 characterize 42 U.S.C. § 7607(d)(1)(B)(ii) and (d)(1)(B)(ii), which speak for themselves and are the best evidence of their content.  To the extent that a response is required and except as expressly admitted, EPA denies the allegations set forth in Paragraph 49 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7607(d)(1)(B)(ii) and (d)(1)(B)(ii).

50.    The allegations set forth in Paragraph 50 characterize EPA, *PM2.5 Design Values, 2024 (xlsx)* (June 3, 2025), https://www.epa.gov/system/files/documents/2025-06/pm25_designvalues_2022_2024_final_05_28_25.xlsx and Earthjustice, *Assessing 2024 PM2.5 Standard Implementation So Far: Who's on Track to Get Clean Air and Who's Left*

*Behind*, which speaks for themselves and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 50 to the extent that they are inconsistent with or otherwise not contained in the plain language of EPA, *PM2.5 Design Values, 2024 (xlsx)* (June 3, 2025), https://www.epa.gov/system/files/documents/2025-06/pm25_designvalues_2022_2024_final_05_28_25.xlsx, and Earthjustice, *Assessing 2024 PM2.5 Standard Implementation So Far: Who's on Track to Get Clean Air and Who's Left Behind*.

## PLAINTIFFS' INJURIES

51.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51 and therefore denies the allegations.

52.    The allegations set forth in Paragraph 52 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52 and therefore denies the allegations.

53.    The allegations set forth in the first and last sentences of Paragraph 53 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and last sentences Paragraph 53 and therefore denies the allegations. The allegations set forth in the second and third sentences of Paragraph 53 characterize 89 Fed. Reg. 16202 (Mar. 6, 2024) and *EPA v. EME Homer City Gen.*, 572 U.S. 489 (2014), which speak for themself and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in the second and third sentences Paragraph 53 to the extent that they are inconsistent with or otherwise not contained in the plain language of 89 Fed. Reg. 16202 (Mar. 6, 2024) and *EPA v. EME Homer City Gen.*, 572 U.S. 489 (2014).

54.    The allegations set forth in Paragraph 54 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 and therefore denies the allegations.

9

55. The allegations set forth in Paragraph 55 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 and therefore denies the allegations.

56. The allegations set forth in Paragraph 56 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 and therefore denies the allegations.

57. The allegations set forth in Paragraph 57 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 and therefore denies the allegations.

58. The allegations set forth in Paragraph 58 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 and therefore denies the allegations.

**CLAIM FOR RELIEF**

59. EPA restates its responses to Paragraphs 1 through 58 above.

60. The allegations set forth in Paragraph 60 constitute conclusions of law, to which no response is required, and characterize and quote 42 U.S.C. § 7407(d)(1)(B)(i), which speaks for itself and is the best evidence of its content. To the extent a response is required, EPA denies the allegations set forth in Paragraph 60 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7407(d)(1)(B)(i).

61. The allegations set forth in Paragraph 61 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in Paragraph 61.

62. EPA admits that as of April 13, 2026, the Administrator had not promulgated area designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202

(Mar. 6, 2024). EPA admits that as of April 13, 2026, the Office of the Federal Register had not published any notices in the *Federal Register* promulgating designations for the 2024 PM2.5 National Ambient Air Quality Standards, 89 Fed. Reg. 16202 (Mar. 6, 2024). Except as expressly admitted, EPA denies the allegations in Paragraph 62.

63.     The allegations set forth in Paragraph 63 constitute conclusions of law, to which no response is required, and characterize and quote 42 U.S.C. § 7604(a)(2), which speaks for itself and is the best evidence of its content. To the extent a response is required, EPA denies the allegations set forth in Paragraph 63 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7604(a)(2).

64.     The allegations set forth in Paragraph 64 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA denies the allegations set forth in Paragraph 64.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' complaint consist of Plaintiffs' request for relief, which does not require a response.

## GENERAL DENIAL

EPA denies each and every allegation of the Complaint not specifically admitted in its responses to the Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the Complaint remain unanswered, EPA denies such allegations.

## DEFENSES

Without limiting or waiving any defenses available to it, EPA hereby asserts the following defenses:

1.     The Court lacks jurisdiction over this suit and to grant some or all of the relief requested.

2.     Venue is not appropriate with respect to some or all of the Plaintiffs and some or all of the relief requested.

3.     Sovereign immunity bars this suit and some or all of the relief requested

11

4.    With respect to any remedy awarded to Plaintiffs, such remedy must provide EPA with reasonable time to follow appropriate procedures pursuant to the Clean Air Act, including without limitation, those specified in sections 107(d), 108, 109, and 307 of the Clean Air Act, 42 U.S.C. §§ 7407(d), 7408, 7409, 7607.

Dated June 15, 2026    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Rachel D. Martinez*
Rachel D. Martinez (FL Bar No. 1049812)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-5589
Fax: (202) 514-8865
Rachel.Martinez@usdoj.gov

*Attorney for Defendant*

Of Counsel:

Karen Bianco
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20460